# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNECTICUT

GREGORY VIOLA,

        Plaintiff,

v.

UNITED STATES OF AMERICA,

        Defendant.

3:17-cv-00856 (CSH)

September 28, 2017

## INITIAL REVIEW ORDER

**Haight, Senior District Judge:**

    Plaintiff Gregory Viola is currently incarcerated at the Devens Federal Medical Center in Ayer, Massachusetts. He has filed this action as a Complaint and Petition for Writ of Mandamus ("the Complaint") [Doc.1] pursuant to 28 U.S.C. § 1361. For the reasons set forth below, Viola's Complaint is dismissed.

## I. BACKGROUND

    On February 1, 2012, in the Hartford, Connecticut courtroom of United States District Court Judge Vanessa L. Bryant, Viola pleaded guilty to two counts of mail fraud in violation of 18 U.S.C. § 1341. *See U.S. v. Viola*, Case No. 3:12cr25(VLB) (Minute Entry – Plea Entry, ECF No. 27). On October 4, 2012, Judge Bryant sentenced Viola to a total effective sentence of 100 months of imprisonment followed by thirty-six months of supervised release. *See id.* (Minute Entry – Sentencing, ECF No. 69; Judgment, ECF No. 71). In addition, the court ordered Viola to pay a special assessment of $200.00 and restitution in the amount of $6,872,633.97. *See id.*

After Judge Bryant denied his motion for a new trial, Viola appealed the judgment of conviction. *See id.* (Order Denying Motions for New Trial, ECF No. 96; Notice of Appeal, ECF No. 97). On February 10, 2014, the Court of Appeals for the Second Circuit affirmed the judgment of conviction. *See U.S. v. Viola*, 555 F. App'x 57 (2d Cir. 2014). On November 17, 2014 Viola's petition for writ of certiorari was denied. *See Viola v. U.S.*, 135 S. Ct. 674 (2014).

On September 22, 2015, Viola filed a motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. § 2255. *See Viola v. U.S.*, No. 3:15cv1398(VLB), 2016 WL 1664756 (D.Conn. April 26, 2016). On August 22, 2016, Viola filed a motion in that case seeking the recusal of Judge Bryant. *See* Case No. 3:15cv1398(VLB) (Motion to Recuse, ECF No. 38); Compl. ¶ 5. On September 1, 2016, Judge Bryant denied the motion for recusal. *See* Case No. 3:15cv1398(VLB) (Order Denying Motion to Recuse, ECF No. 39); Compl. ¶ 5. On September 29, 2016, Judge Bryant denied Viola's motion for reconsideration of her ruling denying the motion for recusal. *See* Case No. 3:15cv1398(VLB) (Order Denying Motion for Reconsideration, ECF No. 42); Compl. ¶ 5.

On October 11, 2016, Viola filed an interlocutory appeal of the order denying the motion for recusal. *See* Case No. 3:15cv1398(VLB) (Notice of Interlocutory Appeal, ECF No. 43); Compl. ¶ 5. On October 25, 2016, Viola filed a motion for leave to appeal from the denial of his motion for recusal. *See* Case No. 3:15cv1398(VLB) (Motion for Leave to Appeal, ECF No. 45). On October 26, 2016, Judge Bryant denied the motion for leave to appeal. *See id.* (Order Denying Motion for Leave to Appeal, ECF No. 46); Compl. ¶ 5. On December 27, 2016, the Court of Appeals for the Second Circuit dismissed the interlocutory appeal for failure to obtain court permission. *See* Case No. 3:15cv1398(VLB) (Mandate of Dismissal, ECF No. 47).

On March 15, 2017, the district court administratively closed Viola's § 2255 case, without prejudice to reopening within 120 days of the date of the order. *See* Case No. 3:15cv1398(VLB) (Order Closing Case, ECF No. 49). Viola did not move to reopen the case within the prescribed time frame, which expired on July 13, 2017, and that case remains closed. *See id.* On May 9, 2017, Viola filed a new § 2255 motion based upon the same conviction. *See Viola v. U.S.*, Case No. 3:17cv760(VLB).

Viola's Complaint asks this Court, by writ of mandamus, to grant his original motion to recuse and compel Judge Bryant to recuse herself. Compl. 3. As indicated above, Viola filed two § 2255 cases. The court construes the Complaint as seeking a writ of mandamus directed to the first § 2255 case, *Viola v. United States*, Case No. 3:15cv1398(VLB), because the facts asserted in the Complaint pertain to rulings on the motion for recusal issued by Judge Bryant in that action. Viola has not filed a motion for recusal in his second § 2255 case. *See Viola v. U.S.*, 3:17cv760(VLB).

In addition to the instant Complaint, Viola filed with this Court a separate *Bivens* action against Judge Bryant, which was dismissed, pursuant to 28 U.S.C. § 1915A(b)(1) and (2), by my Initial Review Order of June 21, 2017. *See Viola v. Bryant*, No. 3:17cv00853 (CSH), 2017 WL 2676407 (D. Conn. June 21, 2017). Viola appealed that dismissal to the Second Circuit Court of Appeals, which appeal remains pending. *See* Case No. 3:17cv00853 (CSH) (Notice of Appeal, ECF No. 4); Case No. 17-2342 (on appeal).

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 1915A, the Court must review all prisoner civil complaints against governmental actors, and dismiss any portion of the complaint that "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant

who is immune from such relief." 28 U.S.C. § 1915A(b)(1),(2).

In reviewing a *pro se* complaint, the Court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments [they] suggest[]." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007). A plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Nevertheless, it is well-established that *"pro se* complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)); *see also Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants).

This special solicitude does not relieve the *pro se* plaintiff of his obligation to establish grounds for the court's exercise of jurisdiction. "Although we construe a *pro se* plaintiff's complaint liberally, a plaintiff attempting to bring a case in federal court must still comply with the relevant rules of procedural and substantive law, including establishing that the court has subject matter jurisdiction over the action." *Ally v. Sukkar*, 128 F. App'x 194, 195 (2d Cir. 2005) (citing *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir.1996) and *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir.1983)).

### III. DISCUSSION

Viola asserts that this Court has jurisdiction over his Complaint under the provisions of the federal mandamus statute, 28 U.S.C. § 1361, and that venue is proper under 28 U.S.C. § 1391(e), which provides the rules for venue where the defendant is an officer or employee of the United

States. Compl. ¶¶ 3, 4.

§ 1361 provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. However, it is settled precedent in this Circuit that the jurisdiction granted by § 1361 is limited to actions directed at officers and employees of the federal executive branch. This precedent was most notably established by Judge Friendly's opinion for the panel in *Liberation News Service v. Eastland,* 426 F.2d 1379, 1384 (2d Cir. 1970). *See, e.g., Wall v. U.S. Dep't of Justice*, No. 3:09CV1066 DJS, 2010 WL 4923736, at *6 (D. Conn. Nov. 29, 2010) (Squatrito, *J.*) ("28 U.S.C. § 1361[] does not apply to courts or to court clerks performing judicial functions" (quoting *Trackwell v. U.S. Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007)); *Dontigney v. Comm'r of Corr.*, No. 3:05CV1617 (WWE), 2006 WL 214031, at *2 (D. Conn. Jan. 26, 2006) (Eginton, *J.*) ("mandamus relief through section 1361 has been applied only to employees or officials of the executive branch. Thus, Dontigney cannot obtain mandamus relief in the district court against defendant Judge Arterton, a member of the federal judiciary" (citation omitted)); *Seltzer v. Foley*, 502 F.Supp. 600, 602 n.2 (S.D.N.Y. 1980) (Pollack, *J.*) ("28 U.S.C. § 1361 . . . . appl[ies] to matters arising in the executive branch and its administrative agencies"). At least four other federal circuit courts have considered and adopted Judge Friendly's jurisdictional analysis of § 1361. *See Semper v. Gomez,* 747 F.3d 229, 250-51 (3d Cir. 2014); *Trackwell,* 472 F.3d at 1246; *King v. Russell,* 963 F.2d 1301, 1303-04 (9th Cir. 1992); *Duplantier v. U. S.,* 606 F.2d 654, 663-64 (5th Cir. 1979).

Justice Harlan observed, in a concurring opinion delivered a month after Judge Friendly's *Eastland* opinion, that "§ 1361[] extends to 'officers,' 'employees,' and 'agencies' of the United States;

there is no indication that it empowers the District Courts to issue mandamus to other judicial tribunals." *Chandler v. Judicial Council of Tenth Circuit of U. S*., 398 U.S. 74 (1970) (Harlan, *J.*, concurring). As the Tenth Circuit noted, in an opinion citing Justice Harlan's concurrence, as well as Judge Friendly's opinion in *Eastland*, "[f]or a district court to issue a writ of mandamus against an equal . . . court would be remarkable." *Trackwell,* 472 F.3d at 1246. I am obliged to agree.

As Judge Bryant is, like myself, an officer of the federal *judiciary*, and not of the executive branch, I find this court has no basis of subject-matter jurisdiction over Viola's Complaint and Petition for Writ of Mandamus. By compulsory language, Federal Rule of Civil Procedure 12(h)(3) requires that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Therefore, as subject-matter jurisdiction is lacking, I must dismiss Viola's Complaint.

While this Court cannot hear Viola's petition, pursuant to Federal Rule of Appellate Procedure 21, a petition for writ of mandamus to challenge a district court's refusal to recuse himself or herself may appropriately be filed in the court of appeals from which an appeal would be taken from the district court. *See, e.g., In re Basciano*, 542 F.3d 950, 955 (2d Cir. 2008); *U.S. v. Victoria-21*, 3 F.3d 571, 575 (2d Cir. 1993); *In re Drexel Burnham Lambert Inc.*, 861 F.2d 1307, 1312 (2d Cir. 1988). Accordingly, Viola may, if he chooses, file a new petition for writ of mandamus in the Court of Appeals for the Second Circuit, following all the particulars for such filing, as prescribed by Appellate Rule 21.

### IV. CONCLUSION

In sum, the Court finds no subject-matter jurisdiction for Viola's Complaint/Petition, even giving it the generous reading due to a *pro se* litigant. Consequently, Viola's Complaint [Doc. 1]

is subject to mandatory dismissal under Rule 12(h)(3). Viola may, if he wishes, renew his petition for writ of mandamus with a filing in the Second Circuit Court of Appeals, following the relevant guidance of Federal Rule of Appellate Procedure 21.

In accordance with the foregoing analysis, the Complaint/Petition for Writ of Mandamus is DISMISSED WITHOUT PREJUDICE. The Clerk is directed to enter judgment and close this case.

**It is SO ORDERED.**

Dated: New Haven, Connecticut
      September 28, 2017

        */s/ Charles S. Haight, Jr.*
        CHARLES S. HAIGHT, JR.
        SENIOR UNITED STATES DISTRICT JUDGE